# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| CHRISTOPHER RUSSELL, | : |
| Plaintiff, | : |
| v. | : NO. 4:07-CV-08 (CDL) |
| Sheriff, RALPH JOHNSON, et al., | : |
| | : PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| Defendants. | : |

## REPORT AND RECOMMENDATION

Before the court is Defendants Muscogee County Jail, Sheriff Ralph Johnson, Major Terri Ezell, and Deputy Martinez's Motion to Dismiss Plaintiff's action, filed on October 19, 2007. (R-26). The Plaintiff was notified of his right to respond, but failed to do so in the time allotted.

## LEGAL STANDARDS FOR MOTION TO DISMISS

For a motion to dismiss to be granted, Plaintiff's complaint, which must factually be accepted as true, must evidence that there is no set of facts entitling him to relief. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991); *see also Luckey v. Harris*, 860 F.2d 1012, 1016-17 (11th Cir. 1988) and *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). In such a situation, Rule 12(b)(6) of the *Federal Rules of Civil Procedure* authorizes a court to dismiss a complaint on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319 (1989). If, as a matter of law, it is clear that no relief could be granted under any facts that could be proved consistent with the

allegations, a claim must be dismissed, regardless of whether it is based on an outlandish legal theory or on a close but unavailing one. *Id*. Rule 12(b)(6) does not allow for dismissals based solely on the court's disbelief of a plaintiff's factual allegations. *Id. See also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) and *Conley v. Gibson*, 355 U.S. 41 (1957).

## DISCUSSION

On January 25, 2007, Plaintiff filed this 42 U.S.C. § 1983 suit claiming that on February 3, 2005, when Officer Martinez attempted to execute a traffic stop, without probable cause, Plaintiff exited the vehicle he was driving and was "run completely over by Officer Martinez['s] vehicle." (R-1). Plaintiff contends that his foot became stuck in the transmission, causing pain. *Id*. Plaintiff claims he was detained in violation of the Fourth Amendment and that Officer Martinez "illegally confiscated a half bottle of E&J Brandy and a clear bag with 2.6 grams of marijuana." *Id*. Plaintiff claims that the illegal restraint and search of Plaintiff yielded crack cocaine and marijuana. *Id*. Plaintiff also claims that he sustained injuries to his left hand, sustained a knot on his right elbow, and has a disfigured finger as a result of this incident. *Id*. Plaintiff claims that although he was taken to the Medical Center Emergency Room and was seen by Dr. Jenkins, the Muscogee County jail refused "to do anything about [his] hand." (R-1 and 3, p.7). In his complaint, Plaintiff seeks unspecified monetary damages, the exoneration of "all illegal charges stemming from illegal arrest," a declaratory judgment stating that the Defendant violated the United States Constitution when he "ran over" Plaintiff, the repair of his finger, the removal of Defendant Martinez from the Muscogee County Sheriff's Department, an order for the Defendants to

pay all of Plaintiff's medical bills, and "no retaliation" from the Muscogee County Sheriff's Department. (R-1, p.5). In their Motion to Dismiss, Defendants contend that Plaintiff's complaint should be dismissed on ten grounds: 1) clearly baseless factual allegations; 2) failure to allege a de minimis physical injury; 3) failure to state a claim for relief from sentence; 4) failure to exhaust administrative remedies with respect to the treatment of his hand; 5) Eleventh Amendment Immunity protects Defendants Sheriff Johnson, Martinez and Ezell in their official capacities; 6) Muscogee County Jail is not a legal entity; 7) mootness; 8) inapplicability of the doctrine of respondeat superior to Defendants Johnson and Ezell; 9) qualified immunity protects Defendant Martinez; 10) claims for illegal seizure of marijuana, cocaine and alcohol cannot be addressed prior to his convictions for possessing and consuming such substances being overturned. (R-26).

## Muscogee County Jail not a Legal Entity Subject to Suit

As stated previously, a successful § 1983 action requires that the plaintiff show he was deprived of a federal right by a person acting under color of state law. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (citing *Flagg Brothers, Inc v. Brooks*, 436 U.S. 149, 155-56, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). Defendant Muscogee County Jail is not a "person" within the meaning of 42 U.S.C. §1983. In a 1992 decision, *Dean v. Barber,* the Eleventh Circuit held that a proper claim under § 1983 requires the Plaintiff to file suit against a "person" or entity capable of being sued. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). *See also Miller v. King*, 384 F.3d 1248, 1259-60 (11th Cir. 2004). To qualify as a legal entity, the party must be a **natural or an artificial person** or **a quasi-**

3

**artificial person**, such as a partnership. If a named defendant or plaintiff is neither a natural person, a corporation, nor a partnership, the suit is improper. *Id.* at 649. The Georgia Supreme Court has held that this type of defect is not amendable. *Id.; see also, Board of Road and Revenue Commissioners of Candler County v. Collins,* 94 Ga. App. 562, 95 S.E.2d 758, 759 (1956). Therefore, it is recommended that Defendant Muscogee County Jail be dismissed as to all claims.

## Failure to Plead a De Minimis Injury

Although Plaintiff claims that his foot was caught in Defendant Martinez's transmission during the incident, Plaintiff makes no claim of injury, other than pain, regarding his foot. The PLRA provides at 42 U.S.C. § 1997e(e):

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Plaintiff has made no allegation of physical injury other than his hand, which could possibly be considered more than a *de minimis* injury, and the factual allegations do not indicate any other physical injury. The Eleventh Circuit Court of Appeals has held in an *en banc* decision that the physical injury requirement even applies to claims of a constitutional nature and must be more than *de minimis*. *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 2000). Furthermore, the Eleventh Circuit has held that when a Plaintiff's affidavit contains only a conclusory allegation of serious injury without any other supporting evidence, the allegation should be discounted. *Id* at 1533; See *Brown v. Smith*, 813 F.2d 1187 (11th Cir.

4

1987). No material issues can be in dispute where the plaintiff's evidence fails to establish a constitutional violation. *Id* at 1534. Plaintiff has failed to provide support for any alleged constitutional violations on the part of the Defendants and failed to respond to the Motion to Dismiss. Therefore, as to his foot, Plaintiff has failed to plead more than a de minimis injury and it is recommended that any claims related to Plaintiff's foot should be dismissed.

## Exhaustion of Administrative Remedies

The Defendants contend that Plaintiff failed to timely exhaust his available administrative remedies regarding the injury to his hand where he failed to properly exhaust his remedies at the Muscogee County Jail. (R-27-2). By *The Prison Litigation and Reform Act,* Congress has provided that, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "An inmate incarcerated in a state prison . . . must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983." *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999). Section 1997(e(a) mandates exhaustion of a prisoner's administrative remedies and courts no longer have discretion to waive the exhaustion requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998). The Eleventh Circuit has held that the exhaustion requirement pursuant to § 1997e(a) constitutes a pre-condition to suit, which makes the requirement jurisdictional in nature. *Id*. An inmate incarcerated in a state prison, thus, must first comply with the grievance procedures established by the state department of corrections before filing a § 1983

5

lawsuit.

A recent United States Supreme Court decision, held that an inmate must *properly* exhaust all available administrative remedies before he can file a 1983 lawsuit in federal court. *Woodford v. Ngo*, 126 S.Ct. 2378 (2006) (emphasis added). In *Woodford*, the Respondent, an inmate at a California state prison, filed a grievance regarding prison conditions, which was rejected as untimely. *Id.* at 2380. The Respondent thereafter filed suit pursuant to § 1983 against the prison officials. The District Court held that because Respondent had failed to timely exhaust all of his available remedies, the case should be dismissed. *Id.* The Ninth Circuit Court of Appeals reversed the lower court's decision, finding that the Respondent had no further administrative remedy available to him after his grievance was rejected as untimely. *Id.* The high court ultimately reversed the Ninth Circuit, finding that, just as in habeas corpus cases, the remedies available to the inmate must be **fully and properly** exhausted. *Id.*

Defendants have provided an affidavit by Defendant Ezell, Warden of the Muscogee County Jail, which confirms that the Muscogee County Jail has an administrative grievance system. (R-27-2). The grievance system requires that a prisoner with complaints file a written grievance, receive a written response, and **then file a written appeal in order to exhaust the administrative grievance system**. (R-27-2, pp. 1-8)(emphasis added). Defendants state through the Affidavits of Defendant Terri Ezell that the *Inmate Handbook* is a true and accurate copy and that each inmate is given a copy of the *Inmate Handbook*

6

upon entering the Muscogee County Jail. (R-27-2).

The Defendants have also attached to their Motion a copy of Plaintiff's original Grievance forms regarding this incident. (R-27-2, pp. 8-12, Defendants' Exhibit "C"). On March 9, 2005, the Grievance Officer responded to Plaintiff's March 7, 2005, complaints in writing. *Id*. On the same page, the Plaintiff was given an opportunity to appeal the response to his grievance by circling whether he would like to appeal the decision or not. The exhibit provided by the Defendants shows that the Plaintiff signed his name and circled "NO," stating that he did not wish to appeal the decision. (R-27-2, p.9). On March 17, 2005, the Grievance Officer responded to Plaintiff's March 16, 2005, complaints in writing. (R-27-2, p.11). On the same page, the Plaintiff was given an opportunity to appeal the response to his grievance by circling whether he would like to appeal the decision or not. The exhibit provided by the Defendants shows that the Plaintiff signed his name but did not circle either Yes or No in response to whether he wished to appeal the decision. On March 18, 2005, the Grievance Officer responded to Plaintiff's March 17, 2005, complaints in writing. (R-27-2, p.12). On the same page, the Plaintiff was given an opportunity to appeal the response to his grievance by circling whether he would like to appeal the decision or not. The exhibit provided by the Defendants shows that the Plaintiff signed said document and failed to circle either Yes or No in response to whether he wished to appeal the decision. Thus, pursuant to procedure at the Muscogee County Jail, none of the three grievances were appealed, which would have exhausted the grievance procedure in place at the time Plaintiff was an inmate at the Jail.

As such, Plaintiff did not exhaust his available administrative remedies before filing the current action. Therefore, this Court recommends that Plaintiff's complaint be dismissed for his failure to exhaust said remedies.

As stated *supra*, Section 1997(e)(a) mandates exhaustion of a prisoner's administrative remedies and courts no longer have discretion to waive the exhaustion requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998). Because § 1997e(a) constitutes a pre-condition to suit, which makes the requirement jurisdictional in nature, an inmate incarcerated in a state prison, must first comply with the grievance procedures established by the state department of corrections before filing a § 1983 lawsuit. Therefore, the court is without jurisdiction to review the merits of Plaintiff's claims. As such, none of the Defendants additional arguments in support of their Motion to Dismiss need be addressed at this time.

WHEREFORE, IT IS HEREBY RECOMMENDED that Defendants Johnson, Ezell, and Martinez's Motion to Dismiss be GRANTED and Plaintiff's action should be dismissed as all Defendants. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 21st day of December, 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc